4UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-184-01-03 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| LARRY DEEN, ET AL | MAGISTRATE JUDGE HORNSBY |

_____

### MEMORANDUM RULING

Before the Court is a motion by defendant Larry Deen ("Deen") to dismiss the indictment pending against him. [Record Document 68]. This motion was adopted by co-defendants Clifton Blakey [Record Document 75] and Clinton Blakey [Record Document 83]. The Government has filed a response in opposition [Record Document 89], to which Deen has replied [Record Document 96]. Based on the following reasons, Deen's motion to dismiss the indictment is **DENIED**.

**I.     Background.**

In an indictment filed on September 24, 2014, Deen, Clinton Blakey, and Clifton Blakey were all charged with conspiracy to commit federal program theft, in violation of 18 U.S.C. § 371 (count one), and federal program theft, in violation of 18 U.S.C. §§ 666(a)(1)(A) & 2 (count two). Count three charges Clinton and Clifton Blakey with failure to file a form 8300, in violation of 31 U.S.C. § 5324 and 18 U.S.C. § 2. All three defendants entered pleas of not guilty. This matter is set for trial beginning on April 4, 2016.

Deen filed the instant motion to dismiss the indictment pending against him.  Deen's motion asserts that Section 666-- the federal program theft charge raised in count two-- is subject to dismissal because the statute itself is overbroad and vague, and thus unconstitutional.  Deen's motion does not argue that count one-- conspiracy to commit federal program theft-- should be dismissed; however, his reply memorandum submits that "if there is no crime, there can be no conspiracy."  Thus, it is clear that Deen believes that the dismissal of count two results ipso facto in the dismissal of count one.  Because Deen is not charged in count three, his motion does not seek dismissal of that count.  While co-defendants Clifton and Clinton Blakey have adopted Deen's motion to dismiss, they have not separately challenged count three of the indictment.

**II.	Law and Analysis.**

Pursuant to Federal Rule of Criminal Procedure 12(b), a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).   As the Fifth Circuit has said,

> [t]he propriety of granting a motion to dismiss an indictment under [Rule] 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact. . . .  If a question of law is involved, then consideration of the motion is generally proper.

United States v. Flores, 404 F.3d 320, 324 (5th Cir. 2005).[1]  Rule 12(b)(3)(B) requires that a motion asserting a defect in the indictment be raised before trial.

---

[1] In his filings, Deen makes a factual attack on what he deems to be an arm's length transaction made at fair market value.  As counsel knows, a disputed factual issue, including whether the Suburban's trade-in price is the result of "capitalism," is not appropriate for resolution in pretrial motions.

"To be sufficient, an indictment must allege[] every element of the crime charged and in such a way as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in a subsequent proceeding." United States v. Ramos, 537 F.3d 439, 459 (5th Cir. 2008). Generally, an indictment that tracks the statutory language will be deemed sufficient if it is "accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." United States v. Adam, 314 F. App'x 633, 641 (5th Cir. 2009). In this case, Deen has not alleged that the indictment fails to state an offense, that it lacks the requisite specificity, or that it does not enable him to prepare a defense. Rather, Deen attacks the statute charged in count two, 18 U.S.C. § 666.

Section 666(a)(1)(A) makes it a crime for anyone who is an "agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof" to embezzle, steal, obtain by fraud, knowingly convert without authority, or intentionally misapply property that is valued at $5,000 or more and is owned by or is under the care, custody, or control of such organization, government or agency. 18 U.S.C. § 666(a)(1)(A). Section 666(b) requires that the organization, government, or agency receive, in any one year period, at least $10,000 in federal benefits. 18 U.S.C. § 666(b).

In the instant case, the indictment charges that:

> . . . Larry Deen, aided and abetted by Clifton D. Blakey and Clinton E. Blakey, being an agent of the Bossier Parish Sheriff's Department, did knowingly embezzle, steal, obtain by fraud, without authority convert to the use of a person not the rightful owner, and intentionally misapply property

> worth at least $5,000 and owned by and under the care, custody, and control of the Bossier Parish Sheriff's Department, that is: a white 2009 four-door Chevrolet Suburban LTZ . . . .

Record Document 1, pp. 5-6. Count two of the indictment tracks the language of Section 666(a)(1)(A), and Deen does not contend otherwise. However, in broad strokes, he submits that the Government should not be allowed to pursue a federal criminal case on the basis of one undervalued vehicle trade-in. Instead, he argues that this matter should be relegated to the state authorities to pursue. Deen voices concerns about an "abuse of power," evidently believing that the federal prosecutors have abused their power by bringing federal charges against him. Indeed, Deen's motion asserts: "Counsel still does not understand how the government can enter a local matter of the nature here presented." Record Document 96, p. 3. These statements, along with others, clearly demonstrate to the Court that Deen's dispute is with the chosen forum. That is, he believes this should be a state matter, resolved by the state court, rather than this federal Court. This argument fails to support any legitimate basis for dismissal of the indictment.

Deen's more substantive basis for dismissal is constitutional in nature and focuses on the alleged overbreadth and vagueness of Section 666. While his argument lacks clear articulation, the alleged constitutional deficiencies seemingly stem from the same perceived statutory flaw: that Section 666 does not require the federal funds to be used in the charged offense. Without this federal nexus, Deen asserts that the statute "would turn almost every act of fraud and bribery into a federal offense upsetting the proper balance

of power. . . ." Record Document 96, p. 2.[2]  Indeed, Deen argues that "[i]f there is no nexus between the federal funding and the offense at issue, an imaginative prosecutor is limited only by his/her brain power in getting a matter into federal court under the umbrella of § 666." Record Document 96, p. 6.  Although Deen has not forthrightly conceded it, his nexus argument is foreclosed by Supreme Court precedent.[3]

In Sabri v. United States, 541 U.S. 600, 124 S. Ct. 1941 (2004), the defendants argued that Section 666 was unconstitutional because it did not require a nexus between the federal funds and the crime.  The Court rejected that argument, finding that the Necessary and Proper Clause authorized Congress "to see to it that taxpayer dollars appropriated under [the Spending Clause] are in fact spent for the general welfare, and not frittered away in graft or on projects undermined when funds are siphoned off or corrupt public officers are derelict about demanding value for dollars." Sabri, 541 U.S. at 605.  As the Court explained, a nexus is not required because "money is fungible . . . .

---

[2] The Fifth Circuit previously rejected similar concerns.  Indeed, in United States v. Lipscomb, 299 F.3d 303, 310 (5th Cir. 2002), the defendant argued that an expansive interpretation of Section 666 "extends federal power in a manner that, in many instances, the federal interest at stake does not warrant."  The Fifth Circuit explained: "Once Congress has spoken, however, we do not sit to judge the wisdom of its action. It is sufficient that Congress seeks to preserve the integrity of federal funds by assuring the integrity of the organizations or agencies that receive them." Id. (quoting United States v. Westmoreland, 841 F.2d 572 (5th Cir. 1988)). That reasoning is equally germane here.

[3] Deen seemingly faults the Government for relying on Sabri, which is controlling authority, rather than "address[ing] the issues." Record Document 96, p. 6. Deen similarly faults the Government for arguing in a "theoretical realm," instead of focusing on reality. Id. Nevertheless, Deen's purported "reality" is a series of unrelated hypotheticals that have no relevance or impact on the facts of this particular case. The Court finds this stance unpersuasive.

Liquidity is not a financial term for nothing; money can be drained off here because a federal grant is pouring in there. . . . It is certainly enough that the statute[] condition[s] the offense on a threshold amount of federal dollars defining the federal interest." Id. at 606. Deen has failed to distinguish his nexus argument from that presented to and rejected by the Supreme Court in Sabri. Accordingly, this Court finds Deen's nexus argument is squarely foreclosed.

To the extent Deen has attempted to raise a colorable claim of vagueness or overbreadth that is unrelated to the Sabri nexus issue, those claims, too, must fail. "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357, 103 S. Ct. 1855 (1983). To be unconstitutionally vague, a statute must be vague in all of its applications, including its application to the person raising the vagueness challenge. See United States v. Clark, 582 F.3d 607, 612-613 (5th Cir. 2009). "Objections to vagueness under the Due Process Clause rest on the lack of notice and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk." Id. at 613 (quoting Maynard v. Cartwright, 486 U.S. 356, 361, 108 S. Ct. 1853 (1988)). A law is vague if "men of common intelligence must necessarily guess at its meaning." Id. (quoting Connally v. Gen. Constr. Co., 269 U.S. 385, 291, 46 S. Ct. 126 (1926)). "Where constitutionally protected conduct is not threatened and at least some of the defendant's conduct is clearly proscribed by the statute under

review, it cannot be void for vagueness." Id. (internal marks omitted). Vagueness challenges to statutes which "do not involve First Amendment freedoms" should be "examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U.S. 544, 550, 95 S. Ct. 710 (1975).

Here, it is Deen's burden to establish that Section 666 is vague as applied to him under the facts of this case. He has failed to satisfy his burden. Indeed, Deen has merely mentioned the term vagueness but has failed to elucidate his position.[4] He has not argued that his conduct was protected by the First Amendment. Moreover, Deen has neglected to disclose which word or words in Section 666 he finds vague. He has not suggested how any terms could be misinterpreted. He has not offered alternative interpretations of any of the statutory terms. He has not shown that an ordinary person cannot understand the statute, or that the statute encourages arbitrariness or discrimination by law enforcement.[5] More importantly, he has not suggested that a reasonable person would not know that the facts alleged in the indictment, if true, would place them at risk of violating the law. Reading the plain text of the statute, the Court finds that men of common intelligence are not required to guess at its meaning. Accordingly, in the absence of any specific or

---

[4] For example, without explanation, Deen argues that "this vagueness inevitably leaves interpretation to the discretion of individual prosecutors as demonstrated by the range of creative theories that the government has used with the court's permission in recent years." Record Document 68, p. 2.

[5] Deen's opinion that transactions such as the one at issue here should be reserved to state authorities or that many different types of offenses will be captured by this statute is not demonstrative of the statute's arbitrariness or discriminatory enforcement. That a crime can be pursued at both the state level and the federal level does not render the law unconstitutional.

articulable claim, the Court finds that Deen has failed to make a showing that the statute is unconstitutionally vague.

With respect to Deen's allegation that Section 666 is overbroad, this, too, is unpersuasive. "A statute is overbroad if in banning unprotected speech, a substantial amount of protected speech is prohibited or chilled in the process." United States v. Brooks, 681 F.3d 678, 697 (5th Cir. 2012) (internal marks omitted) (quoting Ashcroft v. Free Speech Coalition, 535 U.S. 234, 237, 122 S. Ct. 1389 (2002)). The Fifth Circuit has held that the "overbreadth doctrine is applicable only to First Amendment challenges." Clark, 582 F.3d at 612; see also United States v. Thompson, 501 F. App'x 347, 365 (6th Cir. 2012)("The overbreadth doctrine does not apply in this case. [Section 666] does not implicate the First Amendment, because no person has a constitutional right to misapply property. Nor has the statute been applied in such a way as to threaten[] the legitimate exercise of First Amendment rights."). Furthermore, even if the overbreadth doctrine was applicable here, the Supreme Court has cautioned courts to use it sparingly, "with hesitation," and "only as a last resort." New York v. Ferber, 458 U.S. 747, 769, 102 S. Ct. 3348 (1982). Courts should not ordinarily engage in an overbreadth analysis "where the parties fail to describe the instances of arguable overbreadth of the contested law." Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 450 n.6, 128 S. Ct. 1184 (2008).

In the instant case, Deen has alleged neither that Section 666 chills conduct protected by the First Amendment, nor that it impinges on any of his First Amendment

rights. More to the point, Deen has failed to explain how the statute is overbroad. In the absence of any clear arguments as to how or why Section 666 is overbroad, the Court declines to engage in an overbreadth analysis.

Finally, Deen's motion to dismiss sporadically invokes the term lenity without any explication on the issue. "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." United States v. Santos, 553 U.S. 507, 514, 128 S. Ct. 2020 (2008). Because the lenity principle applies only when a statute is ambiguous and its meaning uncertain, the Court finds it inapplicable here because Section 666 is not ambiguous. Deen has not articulated any genuine argument to the contrary, and the Court finds any lenity argument to be too vague as to merit serious consideration.

### III. Conclusion.

For the foregoing reasons, **IT IS ORDERED** that Deen's motion to dismiss the indictment [Record Document 68] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 7th day of March, 2016.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE